[Cite as *State v. Jones*, 2016-Ohio-7697.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                   Court of Appeals No. L-16-1045

    Appellee                              Trial Court No. CR0201501867

v.

Derrick Andrew Jones                     **DECISION AND JUDGMENT**

    Appellant                             Decided:  November 10, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, Brenda J. Majdalani,
Assistant Prosecuting Attorney, for appellee.

Tim A. Dugan, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Derrick Andrew Jones, appeals his sentence from the February

19, 2016 judgment of the Lucas County Court of Common Pleas.  For reasons that

follow, we affirm.

## Assignment of Error

{¶ 2} Appellant sets forth the following assignment of error:

1) Appellant's sentence is contrary to law.

## Background Facts

{¶ 3} On May 14, 2015, appellant was allegedly hiding merchandise in his clothing at a Family Dollar when an employee of the store confronted him. In response, appellant allegedly threatened the employee and swung his arm at her, but missed. Appellant then damaged the door as he exited the store, entered a waiting vehicle, and fled the scene.

{¶ 4} On May 28, 2015, appellant was indicted on one count of robbery in violation of R.C. 2911.02(A)(2), a felony of the second degree. This matter was filed as case No. CR-15-1867 and was consolidated with case Nos. CR-14-1006 and CR-14-2627 because appellant was on active probation when indicted.

{¶ 5} On December 15, 2015, appellant pled guilty to robbery in violation of R.C. 2911.02(A)(3), a felony of the third degree. The trial court accepted the plea, found appellant guilty of the violation, and eventually set sentencing for February 18, 2016.

{¶ 6} At this December 15 hearing, appellant also moved the court to modify his $20,000, no 10 percent bond. The trial court reset bond at supervised own recognizance with five added conditions. The conditions were stated as:

1) [Appellant] to reside at Whitney Manor until further ordered of this Court; 2) [Appellant] to ingest no illicit drugs, alcohol and/or prescription medication not lawfully prescribed to [appellant]; 3)

2.

[Appellant] to submit to random drug testing including urinalysis, blood testing, or drug patch to be determined by the Centralized Drug Testing Unit; 4) [Appellant] to submit to random Breathalyzer testing; and 5) [Appellant] to have no direct or indirect contact with any Family Dollar Stores.

{¶ 7} After being released to Whitney Manor, appellant violated these conditions with the exception of never making direct contact with Family Dollar Stores.

{¶ 8} At the February 18, 2016 sentencing hearing, the trial court stated, "[i]t is the court's belief from all information received that [appellant] did not have any direct or indirect contact with the victim. All the other conditions of his supervised OR bond per our December 15th were violated."

{¶ 9} The trial court later stated, "[t]he court considered the record, oral statements, victim impact – victim impact statement and PS— as well as the PSI prepared. The court considered the principles and purposes of sentencing and balanced the seriousness and recidivism factors."

{¶ 10} Based on the considerations, the trial court imposed sentence for case No. CR-15-1867, stating, "[t]he court finds that the [appellant] is not amenable to community control and that prison is consistent with the principles and purposes of sentencing. Therefore, it is ordered that the [appellant] serve a term of 24 months[.]" The court also imposed three years mandatory postrelease control for the robbery and found appellant had served sufficient time to terminate case Nos. CR-14-1006 and CR-14-2627.

3.

{¶ 11} The sentence was journalized February 19, 2016. The February 19 entry stated, "[t]he Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness, recidivism and other relevant factors under R.C. 2929.12." The entry further stated, "[t]he Court further finds *** that prison is consistent with the purposes of R.C. 2929.11."

{¶ 12} On March 3, 2016, appellant filed a timely appeal from the February 19, 2016 judgment.

## Legal Analysis

{¶ 13} In the sole assignment of error, appellant argues his sentence of imprisonment was improper because the trial court failed to consider rehabilitation and how his criminal history is linked to drugs and mental illness. Appellee contends the record supports imposing a prison term because the trial court considered the principles and purposes of sentencing and the seriousness and recidivism factors.

## Standard of Review

{¶ 14} We review felony sentences under a two-prong approach. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of

4.

section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; or

(b) That the sentence is otherwise contrary to law.

{¶ 15} *See State v. Behrendt*, 6th Dist. Lucas No. L-15-1135, 2016-Ohio-969, ¶ 6; *see also State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, ¶ 23.

{¶ 16} Here, appellant challenges his imposed sentence as "contrary to law." Therefore, we will only address this argument.

## Contrary to Law

{¶ 17} "[A] sentence was not clearly and convincingly contrary to law where the trial court considered the purposes and principles of sentencing under R.C. 2929.11 along with the seriousness and recidivism factors under R.C. 2929.12, properly applied postrelease control, and imposed a sentence within the statutory range." *State v. Craig*, 6th Dist. Wood No. WD-14-061, 2015-Ohio-1479, ¶ 9.

## Postrelease Control

{¶ 18} "Each sentence to a prison term *** for a felony of the third degree that is an offense of violence and is not a felony sex offense shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment." *See* R.C. 2967.28(B).

{¶ 19} A three-year period of post release control is mandatory for a felony of the third degree that is an offense of violence but not a sex offense. *See* R.C. 2967.28(B)(3).

{¶ 20} Here, the trial court imposed a three year mandatory term of postrelease control upon appellant under R.C. 2967.28(B)(3). Specifically, the February 19, 2016 sentencing entry stated, "[t]he Court further finds that this offense is an offense of violence pursuant to R.C. 2901.01(A)(9)(a)-(d). It is further ORDERED the [appellant] is subject to 3 year mandatory post-release control as to count 1 after the [appellant]'s release from imprisonment pursuant to R.C. 2967.28 and 2929.14."

{¶ 21} Consequently, the trial court properly applied postrelease control upon appellant and his sentence is not contrary to law on that basis.

### Statutory Range

{¶ 22} R.C. 2929.14(A)(3)(a)-(b) provides a statutory range for a third-degree felony as 9 to 60 months. *See*, *e.g.*, *State v. Grant*, 11th Dist. Lake No. 2013-L-101, 2014-Ohio-5378, ¶ 1 (affirming 24-month prison term for robbery, a felony of the third-degree).

{¶ 23} Here, appellant was sentenced to 24 months incarceration for his third-degree robbery conviction. This is within the statutory range.

{¶ 24} Accordingly, the trial court properly imposed sentence within the statutory range upon appellant and his sentence is not contrary to law on that basis.

### Principles and Purposes of Sentencing

{¶ 25} R.C. 2929.11(A) pertinently provides, "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions." It follows, "the sentencing court shall

6.

consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *See* R.C. 2929.11(A); *see also Craig*, 6th Dist. Wood No. WD-14-061, 2015-Ohio-1479, at ¶ 10.

{¶ 26} A felony sentence, therefore, "shall be reasonably calculated to achieve the two overriding purposes *** set forth in [R.C. 2929.11(A)], commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." *See Craig*.

{¶ 27} Here, at the February 18, 2016 sentencing hearing, the trial court specifically discussed its reluctance to send appellant to prison, but rationalized its sentence based on its duty to protect the public and its attempt to punish appellant for his long history of theft-related crimes. Further, considering the imposed sentence was in accordance with statutory guidelines of R.C. 2967.28(B)(3) and R.C. 2929.14(A)(3)(a)-(b), we find the sentence is consistent with sentences imposed for similar crimes committed by similar offenders.

{¶ 28} Consequently, the finding under R.C. 2929.11 is supported by the record and appellant has failed to prove by clear and convincing evidence the sentence is contrary to law on that basis.

7.

## Seriousness and Recidivism Factors

{¶ 29} Lastly, R.C. 2929.12(A) pertinently provides, "a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing."

{¶ 30} In this determination, "R.C. 2929.12 provides a non-exhaustive list of factors the court must consider in determining the relative seriousness of the underlying crime and the likelihood that the defendant will commit another offense in the future." *State v. Kronenberg*, 8th Dist. Cuyahoga No. 101403, 2015-Ohio-1020, ¶ 26. "The factors include: (1) the physical, psychological, and economic harm suffered by the victim, (2) the defendant's prior criminal record, (3) whether the defendant shows any remorse, and (4) any other relevant factors." *Id.*, citing R.C. 2929.12(B) and (D); *see also Behrendt*, 6th Dist. Lucas No. L-15-1135, 2016-Ohio-969, at ¶ 6.

{¶ 31} A sentencing court is not required to use any specific language or make specific findings to demonstrate that it considered the applicable seriousness and recidivism factors. *See State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

{¶ 32} Here, at the sentencing hearing, the trial court referenced appellant's pre-sentence investigation report, violation of bond conditions, violations of probation, and 35 plus years of crimes including 16 felonies and 101 misdemeanors. Therefore, we cannot say the trial court committed reversible error when imposing prison and postrelease control upon appellant. Factoring in appellant's criminal record, alone, is sufficient basis to conclude the finding under R.C. 2929.12 is supported by the record.

8.

**{¶ 33}** Accordingly, appellant's sole assignment of error is not well taken.

## Conclusion

**{¶ 34}** The judgment of the Lucas County Court of Common Pleas is affirmed.

Appellant is ordered to pay costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                      _____
                                               JUDGE

Stephen A. Yarbrough, J.         

                                                  _____
James D. Jensen, P.J.                           JUDGE
CONCUR.

                                                  _____
                                                 JUDGE