[Cite as *State v. Allen*, 2020-Ohio-5155.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| | | No. 19AP-285 |
| Plaintiff-Appellee, | : | (C.P.C. No. 18CR-5212) |
| | | No. 19AP-286 |
| v. | : | (C.P.C. No. 18CR-5358) |
| | | |
| Lavinia S. Allen, | : | (REGULAR CALENDAR) |
| | | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 3, 2020

**On brief**: *Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief**: *Yeura Venters*, Public Defender, and *Timothy E. Pierce*, for appellant.

APPEALS from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} In these consolidated appeals, defendant-appellant, Lavinia S. Allen, appeals from judgments and sentences entered by the Franklin County Court of Common Pleas following her entry of guilty pleas in Franklin P.C. Nos. 18CR-5212 and 18CR-5358.

{¶ 2} On October 22, 2018, appellant was indicted in case No. 18CR-5212 on two counts of aggravated robbery, in violation of R.C. 2911.01, and four counts of robbery in violation of R.C. 2911.02. Four of the counts also included a repeat violent offender specification. On October 29, 2018, appellant was indicted in case No. 18CR-5358 on one count of burglary, in violation of R.C. 2911.12, and one count of theft from a person in a protected class, in violation of R.C. 2913.02.

{¶ 3}    On March 6, 2019, appellant entered a guilty plea in case No. 18CR-5212 to one count of robbery, in violation of R.C. 2911.02, a felony of the third degree.  Also on that date, appellant entered a guilty plea in case No. 18CR-5358 to one count of burglary, in violation of R.C. 2911.12, a felony of the second degree.

{¶ 4}    On April 3, 2019, the trial court conducted a sentencing hearing in case Nos. 18CR-5212 and 18CR-5358.  Also before the court during the hearing was a revocation request in case No. 16CR-6028 (hereafter "the 2016 case"), in which appellant had been previously convicted of breaking and entering and placed on community control for two years, with a 12-month suspended sentence.  During the proceedings, defense counsel stipulated to probable cause and a violation in the 2016 case.

{¶ 5}    At the sentencing hearing, the trial court announced it was imposing a 3-year sentence in case No. 18CR-5358 and an 18-month sentence in case No. 18CR-5212, with the sentences to be served concurrently.  The trial court further advised appellant that, because of the prison term, "you will be placed on post-release control whereby the Adult Parole Authority will supervise your behavior upon your release for three years."  (Apr. 3, 2019 Tr. at 13.)  With respect to the 2016 case, the trial court stated in part: "I'm just going to unsuccessfully terminate that case.  That's the revocation and that has 173 days out of a twelve-month sentence.  So I'm just going to terminate it."  (Apr. 3, 2019 Tr. at 12.)

{¶ 6}    On April 3, 2019, the trial court filed a judgment entry in case No. 18CR-5212, sentencing appellant to 18 months incarceration, to be served concurrently with the sentence in case No. 18CR-5358.  The entry stated the court "finds that the Defendant has 0 days of jail time credit."  (Apr. 3, 2019 Entry at 2.) The sentencing entry further stated in pertinent part:

> The Court, pursuant to this entry, notified the Defendant that the Defendant **will** receive a **mandatory** period of post-release control of up to **3** years, to be determined by the Adult Parole Authority as it relates to R.C. 2967.28. The Defendant was informed orally and in writing that if the Defendant violates post-release control the Adult Parole Authority may, in the discretion of the Adult Parole Authority, extend the Defendant's sentence administratively in accordance with State law for a period not to exceed one-half of the sentence imposed by this Court.

(Emphasis sic.) (Apr. 3, 2019 Entry at 2.)

{¶ 7}   Also on April 3, 2019, the trial court filed a judgment entry in case No. 18CR-5358 in which the court imposed a sentence of three years of incarceration on the burglary charge, to be served concurrently with the sentence in case No. 18CR-5212. The court found appellant was entitled to 0 days of jail-time credit. The entry further stated in part:

> The Court, pursuant to this entry, notified the Defendant that the Defendant **may** receive an **optional** period of post-release control of up to **3** years, to be determined by the Adult Parole Authority as it relates to R.C. 2967.28. The Defendant was informed orally and in writing that if the Defendant violates post-release control the Adult Parole Authority may, in the discretion of the Adult Parole Authority, extend the Defendant's sentence administratively in accordance with State law for a period not to exceed one-half of the sentence imposed by this Court.

(Emphasis sic.) (Apr. 3, 2019 Entry at 2.)

{¶ 8}   Appellant filed notices of appeal from the judgments in both case Nos. 18CR-5212 and 18CR-5358, and this court subsequently filed an entry sua sponte consolidating the appeals. On appeal, appellant sets forth the following three assignments of error for this court's review:

> [I.] The lower court erred when its sentencing entry did not inform Appellant of the correct period of post-release control applicable to her conviction in 18CR-5212 (robbery as a felony of the third degree). The sentence was therefore illegal and violated Appellant's Right to Due Course of Law under Article I, Sections 1 and 16 of the Ohio Constitution, her Right to Due Process of Law under the Fifth and Fourteenth Amendments of the United States Constitution, and was contrary to law per R.C. 2953.08(A)(4).
>
> [II.] The lower court erred when its sentencing entry did not inform Appellant of the correct period of post-release control applicable to her conviction in 18CR-5358 (burglary as a felony of the second degree). The sentence was therefore illegal and violated Appellant's Right to Due Course of Law under Article I, Sections 1 and 16 of the Ohio Constitution, her Right to Due Process of Law under the Fifth and Fourteenth Amendments of the United States Constitution, and was contrary to law per R.C. 2953.08(A)(4).
>
> [III.] The lower court erred when it failed to award the Appellant jail time credit to which she was entitled in 18CR-5212 and 18CR-5358. The court's actions violated Appellant's

Right to Due Course of Law under Article I, Sections 1 and 16 of the Ohio Constitution, her right to Due Process of Law under the Fifth and Fourteenth Amendments of the United States Constitution, her Right to the Equal Protection of the Laws under Article I, Section 2 of the Ohio Constitution and the Fourteenth Amendment of the United States Constitution, and R.C. 2967.191 and Ohio Admin. Code 5120-2-04.

{¶ 9} Appellant's first and second assignments of error are interrelated and will be considered together. Under the first assignment of error, appellant asserts the trial court's sentencing entry in case No. 18CR-5212 failed to inform her of the correct period of post-release control. Specifically, appellant argues that, while the period of supervision for a felony of the third degree is three years, the trial court's sentencing entry indicated she will receive "a mandatory period of post-release control of up to 3 years" upon completion of her sentence. (Emphasis omitted.) Appellant contends the "up to" language was insufficient to inform her of the mandatory term of post-release control, and argues the matter should be remanded to the trial court to issue a nunc pro tunc entry reflecting the mandatory three-year period of post-release control absent the "up to 3 years" verbiage.

{¶ 10} Under the second assignment of error, appellant challenges the trial court's sentencing entry in case No. 18CR-5358. Appellant argues that a felony of the second degree requires imposition of a mandatory three years of post-release control, but that the trial court's sentencing entry indicated she may receive an optional period of post-release control. Appellant seeks a remand to the trial court to issue a nunc pro tunc entry reflecting that she will be placed on three years mandatory post-release control upon completion of her sentence in case No. 18CR-5358.

{¶ 11} Under Ohio law, "a trial court must provide statutorily compliant notification to a defendant regarding postrelease control at the time of sentencing, including notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control." *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 18. Further, "a trial court must incorporate into the sentencing entry the postrelease-control notice to reflect the notification that was given at the sentencing hearing." *Id.* at ¶ 19.

{¶ 12} The Supreme Court of Ohio has addressed the issue as to "what information a trial court must include in a sentencing entry to validly impose a postrelease-control sanction on an offender when the court orally provides all the required advisements to the

offender at the sentencing hearing." *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, ¶ 1. Specifically, the court in *Grimes* held:

> [T]o validly impose postrelease control when the court orally provides all the required advisements at the sentencing hearing, the sentencing entry must contain the following information: (1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the Adult Parole Authority * * * will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute.

*Id.*

{¶ 13} As noted under the facts, appellant entered guilty pleas to one count of burglary (case No. 18CR-5358), a felony of the second degree, and one count of robbery (case No. 18CR-5212), a felony of the third degree. R.C. 2967.28(B) states in part:

> Each sentence to a prison term * * * for a felony of the second degree, * * * or for a felony of the third degree that is an offense of violence and is not a felony sex offense shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. * * * [A] period of post-release control required by this division for an offender shall be one of the following periods:
>
> * * *
>
> (2) For a felony of the second degree * * * three years;
>
> (3) For a felony of the third degree that is an offense of violence and is not a felony sex offense, three years.

{¶ 14} Accordingly, for a felony of the second degree, R.C. 2967.28(B)(2) "provides for a mandatory three-year period of post-release control." *State v. Rinehart*, 5th Dist. No. 19 CA 0096, 2020-Ohio-2796, ¶ 20. Similarly, "[a] three-year period of post release control is mandatory for a felony of the third degree that is an offense of violence but not a sex offense." *State v. Jones*, 6th Dist. No. L-16-1045, 2016-Ohio-7697, ¶ 19.

{¶ 15} In the instant case, we note appellant does not dispute that the trial court correctly notified her of post-release control at the sentencing hearing. During that hearing, the trial court, after announcing it was sentencing appellant to a term of 3 years in case No.

18CR-5358, and a term of 18 months in case No. 18CR-5212, further informed appellant: "Because you are being sent to prison, you will be placed on post-release control whereby the Adult Parole Authority will supervise your behavior upon your release for three years." (Apr. 3, 2019 Tr. at 13.)

{¶ 16} We first address appellant's challenge to the sentencing entry in case No. 18CR-5358, pertaining to her burglary conviction. As set forth under the facts, the sentencing entry in that case states in part: "The Court, pursuant to this entry, notified the Defendant that the Defendant may receive an optional period of post-release control of up to 3 years, to be determined by the Adult Parole Authority as it relates to R.C. 2967.28." (Emphasis omitted.) (Apr. 3, 2019 Entry at 2.)

{¶ 17} On appeal, the state concedes the sentencing entry in that case erroneously indicates appellant was notified of an "optional" period of post-release control of up to three years, as opposed to a mandatory three-year period for a felony of the second degree. While the state suggests the error is harmless, it also acknowledges the proper remedy is for the trial court to correct the judgment by issuing a nunc pro tunc entry.

{¶ 18} In *State v. Maxwell*, 10th Dist. No. 18AP-341, 2019-Ohio-2191, this court addressed similar language in a sentencing entry in a case in which the defendant was subject to a mandatory three-year period of post-release control. Under the facts of that case, the trial court properly advised the defendant of post-release control at the sentencing hearing, but the sentencing entry erroneously stated the trial court notified him "that he 'may receive an optional period of post-release control of up to 3 years, to be determined by the [APA] as it relates to R.C. 2967.28.' " *Id.* at ¶ 15. This court held that the language in the entry "erroneously indicates that the imposition of post-release control was discretionary rather than mandatory, in violation of the test outlined in *Grimes*." *Id.* Because the trial court adequately informed the defendant at the sentencing hearing that the imposition of post-release control was mandatory, but the sentencing entry erroneously indicated it was discretionary, this court remanded the matter to the trial court "for the limited purpose of issuing a nunc pro tunc entry to correct the judgment entry in compliance with *Grimes*." *Id.* at ¶ 16.

{¶ 19} As in *Maxwell*, the sentencing entry in case No. 18CR-5358 "erroneously indicates that the imposition of post-release control was discretionary rather than mandatory, in violation of the test outlined in *Grimes*." *Id.* at ¶ 15. Accordingly, we

conclude this matter must be remanded to the trial court for the "limited purpose" of issuing a nunc pro tunc entry in case No. 18CR-5358 to correct the judgment entry "in compliance with *Grimes.*" *Id.* at ¶ 16.

{¶ 20} We next address appellant's contention that the trial court's sentencing entry in case No. 18CR-5212 failed to properly inform her of the mandatory nature of post-release control. As indicated, appellant challenges language in the sentencing entry stating that, upon release, she will receive a mandatory period of post-release control of "up to" three years.

{¶ 21} In general, Ohio courts have held that the use of "up to" language when imposing post-release control "connotes that the period is discretionary rather than mandatory." *State v. Young*, 11th Dist. No. 2009-T-0130, 2011-Ohio-4018, ¶ 89. *See also State v. Leugers*, 3d Dist. No. 1-18-10, 2018-Ohio-2808, ¶ 8 (language in journal entry indicating defendant was subject to a post-release control term of "up to" five years "does not provide the proper notice that the post-release control is mandatory").

{¶ 22} This court has also recognized that " 'up to' language is often described as discretionary language." *State v. Williams,* 10th Dist. No. 10AP-1135, 2011-Ohio-6231, ¶ 23. We have further recognized, however, that "[m]ore important * * * is the fact that our court has applied a 'totality of the circumstances' test to determine whether or not the defendant was properly notified of post-release control." *Id.*, citing *State v. Franks,* 10th Dist. No. 04AP-362, 2005-Ohio-462, ¶ 18. *See also State v. Cockroft*, 10th Dist. No. 13AP-532, 2014-Ohio-1644, ¶ 14; *State v. Maser*, 10th Dist. No. 15AP-129, 2016-Ohio-211, ¶ 9.

{¶ 23} Under this court's totality of the circumstances approach, "we have concluded 'the trial court sufficiently fulfilled its statutory obligations when, taken as a whole, its oral and written notifications, including those at the sentencing hearing, properly informed the defendant of post-release control.' " *Cockroft* at ¶ 14, citing *State v. Wilcox*, 10th Dist. No. 13AP-402, 2013-Ohio-4347, ¶ 4, citing *State v. Clark*, 2d Dist. No. 2012 CA 16, 2013-Ohio-299, ¶ 59, citing *State v. Boone*, 10th Dist. No. 11AP-1054, 2012-Ohio-3653, ¶ 18, citing *State v. Mays*, 10th Dist. No. 10AP-113, 2010-Ohio-4609, and *State v. Townsend*, 10th Dist. No. 10AP-983, 2011-Ohio-5056. This court has also held that "when a term of post-release control is mandatory, the use of 'up to' language does not necessarily invalidate the imposition of post-release control." *State v. Williams,* 10th Dist. No. 10AP-922, 2011-Ohio-4923, ¶ 19.

{¶ 24} As previously stated, the Supreme Court's holding in *Grimes* requires a sentencing entry to state whether post-release control is discretionary or mandatory, the duration of the post-release control period, and a statement that the Adult Parole Authority will administer the post-release control and that any violation will subject the offender to consequences for a violation as set forth under R.C. 2967.28. *Grimes* at ¶ 1.

{¶ 25} Following the Supreme Court's decision in *Grimes*, several Ohio appellate courts have addressed challenges to sentencing entries containing "up to" language in cases involving mandatory post-release control. Under the facts in *State v. Zechar*, 7th Dist. No. 17 MA 0111, 2018-Ohio-3731, ¶ 4, the trial court advised the appellant during the sentencing hearing that, upon completion of his sentence for a felony of the first degree, "you must be placed on five years of post-release control." The sentencing entry in that case stated in part: "In addition, as part of this sentence, post release control shall be imposed up to a maximum period of five (5) years." *Id.* at ¶ 5. The appellant in *Zechar* challenged the language in the sentencing entry,[1] arguing that "the use of the term 'up to' in the sentencing * * * entry imposed a discretionary, rather than a mandatory postrelease control." *Id.* at ¶ 8.

{¶ 26} The court in *Zechar* addressed the decision in *Grimes,* noting that the Supreme Court "recently reiterated its main focus in interpreting the sentencing statutes regarding postrelease control, which has been on the notification itself and not on the sentencing entry." *Zechar* at ¶ 10. The court further noted that "[t]he holding of *Grimes* was limited to those cases in which the trial court made the proper advisements to the offender at the sentencing hearing." *Id.* at ¶ 11.

{¶ 27} On review, the court in *Zechar* found the appellant "was advised of the postrelease control terms at the sentencing hearing and in the sentencing judgment entry." *Id.* at ¶ 16. Specifically, the court held "[t]he judgment entry does not contain a vague reference to postrelease control," but rather the trial court "advised [the] Appellant that he

---

[1] The appellant challenged the entry by means of a motion to vacate post-release control (i.e., not by direct appeal), and the court addressed whether proper notice was provided such that the sentencing entry was "not void." *Zechar* at ¶ 20. We note that *Zechar* was decided prior to the Supreme Court's recent decisions in *State v. Harper*, ___ Ohio St.3d ___, 2020-Ohio-2913 (holding that a trial court's failure to properly impose post-release control renders that portion of the sentence voidable, not void), and *State v. Hudson*, ___ Ohio St.3d ___, 2020-Ohio-3849 (holding that the failure to include notice of the consequences of violating post-release control as required by *Grimes*, renders the sentence voidable, not void, and subject to res judicata).

would be subject to postrelease control, the consequences for violating postrelease control, and the term and mandatory nature of his postrelease control." *Id.*

{¶ 28} The court in *Zechar* rejected the appellant's attempt "to create ambiguity within the sentencing judgment entry with the use of the terms 'up to.' " *Id.* Specifically, while the court "acknowledge[d] that the use of the terms 'up to' was unnecessary, it does not negate that the trial court informed [the] Appellant of the mandatory nature of his postrelease control at the sentencing hearing (using the term 'mandatory') as well as in the sentencing entry (using the terms 'shall be')." *Id.* Although the reviewing court determined the appellant received proper notice of the terms of post-release control, the court remanded the matter to the trial court "only to the extent that the trial court is instructed to issue a Nunc Pro Tunc judgment entry to correct the inconsistent language in the sentencing entry." *Id.* at ¶ 21.

{¶ 29} In *State v. Conn*, 4th Dist. No. 19CA1094, 2020-Ohio-370, ¶ 2, the court addressed the requirements of *Grimes* in considering a challenge to a sentencing entry which contained language stating in part that the trial court had "notified the defendant that post release control is MANDATORY in this case *up to a maximum of five (5) years*." (Emphasis sic.) The appellant in that case argued the trial court "should have notified him of mandatory post-release control for five years, not for 'up to' five years." *Id.* at ¶ 6.

{¶ 30} On appeal, the court observed that the appellant signed a plea agreement stating he " 'will have 5 years of post-release control.' " *Id.* at ¶ 21. The reviewing court also accorded the presumption, in the absence of a transcript of the sentencing hearing, that "the trial court properly notified appellant of his post-release obligations" at the sentencing hearing. *Id.* Utilizing a totality of the circumstances analysis, the court determined that "the trial court's sentencing entry's 'up to' language does not require the conclusion that the trial court improperly imposed the post-release control sanction * * * because * * * the record, taken as a whole, reveals that the trial court sufficiently complied with all requirements and placed appellant on notice that he was subject to a mandatory five-year post-release control term." *Id.* at ¶ 22.

{¶ 31} Subsequent to *Grimes*, other Ohio appellate courts have found, in instances where "up to" language is used in the sentencing entry (when the offender was subject to a mandatory term), but the record otherwise reflects notification of a mandatory period of post-release control, the appropriate disposition is modification of the trial court's

sentencing entry or a remand for the limited purpose of issuing a nunc pro tunc entry. *See State v. Smith*, 7th Dist. No. 17 MA 0174, 2018-Ohio-4562, ¶ 10-11 (modifying trial court's sentencing entry to "remove the unnecessary words 'up to' from" entry that indicated post-release control "must be imposed up to a maximum period" of five years, but otherwise concluding, in case where trial court notified appellant at sentencing hearing of a mandatory five-year term, that sentencing entry satisfies *Grimes* "as it conveys the mandatory nature of the term" (i.e., "must" be imposed), "the length of the term, and provides the consequences for violating postrelease control"); *State v. Persinger,* 5th Dist. No. 2017CA0007, 2018-Ohio-1076, ¶ 15-18 (matter remanded for limited purpose of issuing a nunc pro tunc entry "reflecting that the mandatory duration of post release control is five years" where sentencing entry informed the appellant that post-release control "is mandatory in this case up to a maximum of five (5) years," and presumption existed, in absence of transcripts, that trial court properly notified the appellant at sentencing hearing of post-release control notifications).

{¶ 32} In the present case, the trial court informed appellant at the sentencing hearing she "will be placed on post-release control whereby the Adult Parole Authority will supervise [her] behavior upon [her] release for three years." (Apr. 3, 2019 Tr. at 13.) The entry of guilty plea form, signed by appellant on March 6, 2019, contains a provision stating in part: "If the Court imposes a prison term, I understand that the following period(s) of post-release control is/are applicable: * * * F-3 Offense of Violence * * * 'Three Years Mandatory.' " During the plea hearing, the trial court informed appellant: "[I]f I accept your guilty pleas and you are sent to prison, you will be placed on post-release control whereby the Adult Parole Authority will supervise your behavior upon your release for three years." (Mar. 6, 2019 Tr. at 10.) Appellant also signed a "Notice (Prison Imposed)" form, dated April 3, 2019, informing her of post-release control and stating in part: "After you are released from prison, you * * * will * * * have a period of post-release control for 3 years." A "Note" at the bottom of that form stated in part: "F-2 and F-3 with harm, mandatory 3 years." As previously cited, the sentencing entry, while containing "up to" language, further informed appellant that she "*will receive a mandatory* period of post-release control." (Emphasis added.) (Apr. 3, 2019 Entry at 2.)

{¶ 33} Here, based on the totality of the circumstances, we find that, despite the "up to" language of the sentencing entry, the trial court sufficiently notified appellant of the

mandatory nature of post-release control in case No. 18CR-5212, and that the sentencing "satisfies *Grimes* * * * as it conveys the mandatory nature of the term, the length of the term, and provides the consequences for violating postrelease control." *Smith* at ¶ 11. We further determine, however, to the extent the "up to" language may be deemed unnecessary, the proper course is for this matter to be remanded to the trial court for the limited purpose of issuing a nunc pro tunc entry correcting the "inconsistent language" in the sentencing entry. *Zechar* at ¶ 21.

{¶ 34} Based on the foregoing, the first assignment of error is sustained in part and overruled in part, and the second assignment of error is sustained.

{¶ 35} Under the third assignment of error, appellant argues the trial court erred in failing to credit her with 173 days of jail-time credit in case No. 18CR-5212 and 155 days of jail-time credit in case No. 18CR-5358. Appellant challenges the trial court's ruling that 173 days of jail-time credit be credited to the 2016 case (the probation revocation case); according to appellant, the trial court's ruling is in contravention of the Supreme Court's decision in *State v. Fugate,* 117 Ohio St.3d 261, 2008-Ohio-856.

{¶ 36} In general, "the practice of awarding jail-time credit is embedded in the Equal Protection Clauses of the United States and Ohio Constitutions, which prohibit disparate treatment of defendants based solely upon their economic status." *State v. Maynard,* 10th Dist. No. 08AP-43, 2008-Ohio-3829, ¶ 13, citing *Fugate* at ¶ 7. This principle "is codified in R.C. 2967.191 and * * * the Ohio Administrative Code provides additional details concerning when a prisoner is entitled to jail-time credit and how to apply the credit to the prison term." *Id.* at ¶ 14, citing *Fugate* at ¶ 8-9.

{¶ 37} In accordance with R.C. 2967.191(A), "[t]he department of rehabilitation and correction shall reduce the prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial." Ohio Adm.Code 5120-2-04(F) provides that if an offender is serving "two or more sentences, stated prison terms or combination thereof concurrently," the department of rehabilitation and correction "shall independently reduce each sentence or stated prison term for the number of days confined for that offense," and that "[r]elease of the offender shall be based upon the longest definite, minimum and/or maximum sentence or stated prison term after reduction for jail time credit."

{¶ 38} Under the facts in *Fugate,* the defendant was charged and convicted of theft and burglary while on community control for a prior conviction. Prior to sentencing on the new charges, the trial court revoked the defendant's community control and imposed a 12-month sentence on the community control violation, applying 213 days of jail-time credit against that sentence. The trial court ordered the sentence in the community control violation case to run concurrent with the sentences for the burglary and theft offenses, but the defendant received no jail-time credit for the burglary sentence and only 50 days jail-time credit for the theft sentence. The defendant appealed, arguing "he should have received jail-time credit of 213 days toward each of his concurrent prison sentences." *Fugate* at ¶ 6. The appellate court affirmed, and the Supreme Court "accepted the appeal to determine how to apply jail-time credit to concurrent prison terms." *Id.*

{¶ 39} In *Fugate,* the Supreme Court determined that "when a defendant is sentenced to concurrent terms, credit must be applied against all terms, because the sentences are served simultaneously." *Id.* at ¶ 22. The court thus held "when a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term." *Id.*

{¶ 40} In the instant case, the state argues that appellant's reliance on *Fugate* is misplaced because the trial court did not order the sentence in the community control revocation case (the 2016 case) to be served concurrently with the sentences in 18CR-5212 and 18CR-5358. On review, we agree.

{¶ 41} This court addressed a similar issue in *State v. Speakman,* 10th Dist. No. 08AP-456, 2009-Ohio-1184. Under the facts of that case, the appellant, citing the Supreme Court's decision in *Fugate,* argued the trial court erred in applying jail-time credit only with respect to the sentence received for a community control violation, asserting the court was required to award jail-time credit "against the sentences imposed in the three cases for which [he] was sentenced, because he was being held on those charges as well as the community control violation." *Id.* at ¶ 10. More specifically, the appellant in *Speakman* argued that the sentence imposed for his community control sanction "effectively operate[d] as a sentence concurrent to the [12-year] sentence imposed for the three new charges." *Id.* at ¶ 13.

{¶ 42} This court rejected the appellant's argument, observing "the trial court made it clear that the sentence imposed for appellant's community control violation was not a

sentence ordered to be served concurrently with the 12-year sentence." *Id.* Rather, we noted, "the court sentenced appellant to an amount of time equal to the amount of jail time credit he had, which resulted in appellant having already served his sentence for the community control violation by the time of the sentencing hearing." *Id.* This court determined, therefore, *Fugate* "does not apply to this factual situation." *Id.*

{¶ 43} In *State v. Smith,* 10th Dist. No. 08AP-736, 2009-Ohio-2166, the appellant made a similar argument that the trial court erred in failing to award jail-time credit where the court applied the credit to the sentence for his community control violation. According to the appellant, the sentence in the underlying case "was effectively concurrent to the community control violation sentence." *Id.* at ¶ 49.

{¶ 44} In *Smith,* this court, while recognizing the holding in *Fugate,* noted "[t]he way that the trial court crafted the community control sentence resulted in appellant having already served that sentence by the time of the sentencing hearing." *Id.* Thus, we concluded, because the trial court "did not impose the community control violation sentence concurrent with" the other sentence, the trial court committed no error in declining to apply the jail-time credit that accrued at the time of sentencing to the underlying case. *Id.*

{¶ 45} Other Ohio appellate courts have found that *Fugate* "is not applicable when the trial court essentially sentences the defendant to 'time served' for a community control violation but does not run the community control violation sentence concurrent with the sentence for the new crimes." *State v. Dobbins,* 12th Dist. No. CA2019-04-061, 2020-Ohio-726, ¶ 22. *See also State v. Maddox,* 8th Dist. No. 99120, 2013-Ohio-3140, ¶ 49 (distinguishing *Fugate* where trial court did not sentence appellant to concurrent prison terms for probation violations and new charges but, rather, terminated the probation and "stated that all jail-time credit would be applied to the probation violations," i.e., terminating the cases involving probation violations before the appellant was sentenced on the new charges); *State v. Williams,* 8th Dist. No. 104155, 2016-Ohio-8049, ¶ 19 (where appellant was incarcerated simultaneously for violating probation and committing new offense, no error by trial court in essentially sentencing him to time served when it applied the jail-time credit and terminated the probation case as court "had the authority to apply the jail-time credit to the probation violation case"); *State v. Chasteen,* 12th Dist. No. CA2013-11-204, 2014-Ohio-3780, ¶ 14 (no *Fugate* violation because the trial court did not

order community control violation to be served concurrently with theft offense but, rather, court sentenced appellant to 461 days for community control violations, credited him with 461 days served in jail awaiting sentencing, and then terminated community control before sentencing the appellant on the theft offense).

{¶ 46} In the present case, the record indicates appellant was arrested in case No. 18CR-5212 on October 13, 2018, and a total of 173 days elapsed from the arrest date to the date of sentencing (April 3, 2019). On October 15, 2018, an order to hold was filed in the 2016 case, the community control violation case. Further, as noted by the state, appellant was already in custody and subject to the holder in the 2016 case when bond was set in case No. 18CR-5358 on October 31, 2018.

{¶ 47} During the sentencing hearing, the trial court initially stated, with respect to sentencing "on the 16CR-6028 case, I'm just going to unsuccessfully terminate that case. That's the revocation and that has 173 days out of a twelve-month sentence. So I'm just going to terminate it." (Apr. 3, 2019 Tr. at 12.) The trial court then stated it would impose a sentence of three years in case No. 18CR-5358, and a sentence of 18 months in case No. 18CR-5212, and that those two cases "will run concurrent for a total of three years." (Apr. 3, 2019 Tr. at 12.)

{¶ 48} The trial court also addressed defense counsel's argument that appellant was entitled to 173 days jail-time credit in case No. 18CR-5212 and 155 days jail-time credit in case No. 18CR-5358. Counsel for appellant, noting that appellant was "slated" on October 13, 2018, argued that appellant should "get credit * * * from the time that she was incarcerated." (Apr. 3, 2019 Tr. at 15-16.) The trial court disagreed, reiterating that the 2016 case was "being terminated," and therefore the court's "intent was to put that 173 on there." (Apr. 3, 2019 Tr. at 15.) The court further stated: "So I'm going to put the 173 days on the 16CR-6028 and there will be zero days on 5212 and 5358." (Apr. 3, 2019 Tr. at 17.)

{¶ 49} Here, the record supports the state's argument that the trial court did not order the sentence for the community control violation in the 2016 case to be served concurrently with the sentences in case Nos. 18CR-5212 and 18CR-5358. Rather, the trial court terminated the 2016 case, and applied 173 days of jail-time credit to the sentence in that case (i.e., essentially sentencing appellant to "time served" for the community control violation). *Dobbins* at ¶ 22. After terminating the 2016 case, the trial court then sentenced appellant on the 2018 cases. Accordingly, we find unpersuasive appellant's contention that

the trial court's failure to award 173 days of jail-time credit in case No. 18CR-5212 and 155 days of jail-time credit in 18CR-5358 was contrary to *Fugate*.

{¶ 50} We note, however, the state concedes appellant was entitled to two days of jail-time credit. Specifically, the state notes appellant was held exclusively on the charges in case No. 18CR-5212 for two days from the date of her arrest (October 13, 2018) until the date the probation holder was placed in the 2016 case (October 15, 2018); therefore, the state acknowledges, because the sentence in case No. 18CR-5212 was run concurrently with the sentence in case No. 18CR-5358, *Fugate* requires that she receive two days of credit against each concurrent sentence.

{¶ 51} On this point, we note, while the trial court indicated during the sentencing hearing that the 2016 case (i.e., the community control revocation case) "has 173 days," the record indicates that a total of 171 days elapsed from the date of the holder in the 2016 case (October 15, 2018) until the date of sentencing (April 3, 2019). Thus, as observed by the state, appellant was in effect "over credited" in the 2016 case as she was given credit for two days in which she was held exclusively on the charges in 18CR-5212 (i.e., from October 13 to 15, 2018). (State's Brief at 11.)

{¶ 52} On review, we agree with the state that the record reflects appellant should have been credited for 2 days of jail-time credit against her concurrent sentences in case Nos. 18CR-5212 and 18CR-5358. Accordingly, while we reject appellant's contention that the trial court erred in failing to apply 173 days jail-time credit in case No. 18CR-5212 and 155 days jail-time credit in 18CR-5358, we conclude this matter should be remanded to the trial court for the limited purpose of issuing a nunc pro tunc entry correcting the amount of jail-time credit to which appellant is entitled.

{¶ 53} Appellant's third assignment of error is sustained to the limited extent provided above and is otherwise overruled.

{¶ 54} Based on the foregoing, appellant's first and third assignments of error are sustained in part and overruled in part, the second assignment of error is sustained, the judgments of the Franklin County Court of Common Pleas are affirmed in part and reversed in part, and these matters are remanded to the trial court for the limited purpose of issuing nunc pro tunc entries to correct, as outlined above, the sentencing entries in case Nos. 18CR-5212 and 18CR-5358.

*Judgments affirmed in part and reversed in part;*

*cause remanded with instructions.*

SADLER, P.J., concurs.
DORRIAN, J., concurring in judgment only.

_____