[Cite as *State v. Burmeister*, 2019-Ohio-4927.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-P-0053** |
| JESSICA D. BURMEISTER a.k.a.<br>JESSICA D. NAGY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2016 CR 00769.

Judgment: Affirmed.

*Victor V. Vigluicci,* Portage County Prosecutor, *Theresa M. Scahill¸* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, Ohio 44266. (For Plaintiff-Appellee).

*Jessica Burmeister, a.k.a. Jessica D. Nagy*, pro se, W099-552, Northeast Reintegration Center, 2675 East 30th Street, Cleveland, Ohio 44115. (Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Jessica D. Burmeister (a.k.a. Jessica D. Nagy) ("Ms. Nagy"), appeals from the Portage County Court of Common Pleas' judgment denying her motion to use community service hours performed in prison in lieu of costs and/or fines. The trial court denied her motion but granted her the option to do community work service through the adult probation department until her costs and fine are paid in full.

**{¶2}** Ms. Nagy appealed, contending the trial court abused its discretion in denying her motion and violated her rights to equal protection and due process.

**{¶3}** We find Ms. Nagy's contentions to be without merit as we are unaware of any authority that would allow past community service performed in prison to apply to court costs or fines. Ms. Nagy, however, is free to file a motion with the trial court to allow her future community service hours performed in prison to be applied toward her court costs and fine and/or to waive her costs due to her indigent status pursuant to R.C. 2947.23. Thus, finding the trial court did not abuse its discretion, we affirm the judgment of the Portage County Court of Common Pleas.

### Substantive and Procedural Facts

**{¶4}** On October 31, 2016, on bindover from the Portage County Municipal Court to the Portage County Court of Common Pleas, the grand jury charged Ms. Nagy with one count of unauthorized use of a motor vehicle, a fifth-degree felony, in violation of R.C. 2913.03(B).

**{¶5}** Ms. Nagy subsequently entered a written guilty plea. On April 11, 2017, Ms. Nagy was sentenced to a term of community control and ordered to pay a $300 fine and $488 in costs within 36 months. If she was unable to pay her court costs or fine or follow her payment schedule, the court ordered her "to perform 79 hours of community service in an amount of $10.00 per hour, not more than forty hours per week until the judgment is paid or until the court is satisfied that [she] is in compliance with the approved payment schedule."

**{¶6}** The adult probation department filed a motion to modify or revoke Ms. Nagy's community control sanctions for violating the terms of her community control. The

court sentenced Ms. Nagy to a one-year term of imprisonment concurrent to a prison sentence Ms. Nagy was already serving in an unrelated case.

{¶7} On March 20, 2018, Ms. Nagy filed a "motion to credit prison community service towards court costs and fines." Ms. Nagy then filed two more motions to credit her prior prison community service toward her court costs and fine on May 15, 2018, and March 19, 2019, respectively. In her motions, Ms. Nagy requested that a portion (250 hours) of the 1310 hours of her prior prison community service be applied toward her outstanding costs and fine. In denying her motion without a hearing, the court stated that "Defendant is granted until March 17, 2020 to pay in full. The Defendant may do Community Work Service of up to forty (40) hours per week at $10.00 per hour to pay towards Defendant's cost until paid in full through the Adult Probation Department."

{¶8} Ms. Nagy now appeals, raising two assignments of error for our review:

{¶9} "[1.] The trial court abused its discretion when it denied the defendant's motion requesting to use community work service hours performed in prison to pay off her court costs and fines.

{¶10} "[2.] The denial of crediting defendant's community service against costs and fines is a violation of defendant's rights under the Equal Protection Clause of the Fourteenth Amendment to the United states Constitution and Section 16, Article I of the Ohio Constitution, and Due Process Clause of the Fifth Amendment, and Ohio Revised Code section 2947.23."

**Standard of Review**

{¶11} "R.C. 2947.23 requires a trial court to assess costs against all criminal defendants, even if the defendant is indigent." *State v. Clinton*, 153 Ohio St.3d 422, 2017-

3

Ohio-9423, ¶239. If a defendant moves to waive, suspend, or modify costs, the trial court, in its discretion, may waive, suspend, or modify payment of those costs. *State v. Lundy*, 3d Dist. Allen No. 1-18-11, 2018-Ohio-2243, ¶6, citing *State v. Hanford*, 8th Dist. Cuyahoga No. 106220, 2018-Ohio-1309, ¶17, *citing State v. Brown*, 8th Dist. Cuyahoga No. 103427, 2016-Ohio-1546, ¶13, and *State v. Walker*, 8th Dist. Cuyahoga No. 101213, 2014-Ohio-4841, ¶9. A "trial court 'retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * *, at the time of sentencing or any time thereafter.'" *Id.*, quoting R.C. 2947.23(C).

{¶12} We review a trial court's decision denying an indigent criminal defendant's postjudgment motion to waive, suspend, or modify payment of court costs under an abuse of discretion standard. *State v. Fomby*, 11th Dist. Lake No. 2012-L-073, 2013-Ohio-2821, ¶58, citing *State v. Anderson*, 11th Dist. Geauga No. 2011-G-3044, 2012-Ohio-4203, ¶42. *See also State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, paragraph four of the syllabus ("A court's denial of an indigent criminal defendant's motion for waiver of payment of costs is reviewed under an abuse-of-discretion standard").

{¶13} An abuse of discretion is a term of art, "connoting judgment exercised by a court, which does not comport with reason or the record." *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-2089, ¶30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-78 (1925). Stated differently, an abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *Id.*, quoting *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.Rev.2004).

{¶14} In Ms. Nagy's first assignment of error, she contends the trial court abused its discretion in denying her motion to credit prison community service towards her court costs and fine. In her second assignment of error, she contends the trial court's denial of her motion violated her rights under the Equal Protection Clause and Due Process Clause of the Fourteenth and Fifth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution. As these assignments are interrelated, we will address them together.

{¶15} Ms. Nagy fails to establish how the trial court abused its discretion in denying her motion to credit her past community service hours performed in prison toward her court costs and fine. We are unaware of any authority, nor does Ms. Nagy cite to any authority, that would allow a court to apply community service already performed as a credit toward imposed court costs and fines. Ms. Nagy, however, is free to file a motion to allow her community service hours performed while in prison to be applied toward her costs or fine, for an extension of time to pay, and/or to waive her court costs due to her indigent status. The court "retains jurisdiction to waive, suspend or modify the payment of the costs of prosecution, including any costs under section 2947.231 of the Revised Code, at the time of sentencing or *at any time thereafter.*" (Emphasis added.) R.C. 2947.23(C). She simply needs to file the appropriate motion requesting the appropriate relief, which the trial court may grant in its discretion.

{¶16} Ms. Nagy argues that the trial court improperly interchanged "community control" with "community service" and ordered her to pay her court costs and fine through community service when it sentenced her to a term of community control. A review of the trial court's original sentencing entry, however, reveals no such confusion. The trial court

5

never ordered Ms. Nagy to perform community service in lieu of payment of her court costs and fine. Rather, as part of Ms. Nagy's initial sentence to community control, the court imposed courts costs and a fine and properly notified Ms. Nagy in accordance with R.C. 2947.23 of the consequences should she fail to pay her court costs .

{¶17} Thus, in relevant part, R.C. 2947.23(A)(1)(a) states "* * * If the judge * * * imposes a community control sanction * * * , the judge * * *, when imposing the sanction, shall notify the defendant of both of the following:

{¶18} "(i) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.

{¶19} "(ii) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount."

{¶20} In Ms. Nagy's case, the trial court ordered "that the Defendant is assessed a $300.00 fine, the indigent assessment and recoupment fee and the approximate $488.00 costs (as of today's date) of these proceedings, to be paid within thirty-six months. If you are unable to pay the judgment for fines or court costs or are unable to follow your payment schedule the court orders you to perform 79 hours of community service in an amount of $10.00 per hour, not more than forty hours per week until the

judgment is paid or until the court is satisfied that you are in compliance with the approved payment schedule."

{¶21} The notifications at her initial sentencing were conditional consequences should Ms. Nagy fail to pay her court costs and fine, a happenstance that is pure conjecture at this point in time. In its most recent judgment, the subject of this appeal, the trial court modified its order to allow Ms. Nagy the option of payment or community service.

{¶22} Quite simply, the "discretion to [modify or] waive court costs includes the discretion not to [modify or] waive them." *State v. Gilbert*, 8th Dist. Cuyahoga No. 104355, 2016-Ohio-8308, ¶6, citing *State v. Brown*, 8th Dist. Cuyahoga No. 103427, 2016-Ohio-1546, ¶13. This is especially so, where, as here, the appropriate relief was not requested.

{¶23} The judgment of the Portage County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.

7