[Cite as *State v. Rinehart*, 2020-Ohio-2796.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 19 CA 0096 |
| DEVIN RINEHART | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No. 18 CR 0884 |
| JUDGMENT: | Affirmed in Part; Reversed in Part and Remanded |
| DATE OF JUDGMENT ENTRY: | May 1, 2020 |

APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| WILLIAM C. HAYES<br>PROSECUTING ATTORNEY<br>PAULA M. SAWYERS<br>ASSISTANT PROSECUTOR<br>20 South Second Street, Fourth Floor<br>Newark, Ohio 43055 | JAMES A. ANZELMO<br>ANZELMO LAW<br>446 Howland Avenue<br>Gahanna, Ohio 43230 |

*Wise, J.*

**{¶1}** Defendant-Appellant Devin Rinehart appeals his conviction and sentence entered in the Licking County Court of Common Pleas on one count of felonious assault with a firearm specification.

**{¶2}** Plaintiff-Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶3}** The relevant facts and procedural history are as follows:

**{¶4}** On August 20, 2019, Defendant-Appellant, Devin Rinehart, pleaded guilty to one count of felonious assault, a second degree felony, in violation of R.C. §2903.11, with a firearm specification. (Plea T. at 18). The charges arose from Appellant firing a gun while he was driving. (Plea T. at 13). The gunshot struck Jewell Scott. (Plea T. at 10).

**{¶5}** The defense and prosecution jointly recommended a five (5) year prison sentence. (Sent. T. at 4). Appellant's trial counsel noted that Appellant did not expect to cause physical harm to anyone when he fired his gun. (Sent. T. at 7). Trial counsel noted that Scott was injured when the bullet ricochet into her home and struck her, even though Appellant was not aiming to shoot her. (Sent. T. at 7). Trial counsel also noted that Appellant accepted responsibility for his actions by turning himself in to the police. (Sent. T. at 7). Trial counsel also indicated that Appellant is remorseful. (Sent. T. at 8). Lastly, trial counsel noted that Appellant suffers from many mental health illnesses, including Asperger's Syndrome, bipolar disorder, and anxiety. (Sent. T. at 8).

**{¶6}** On August 29, 2019, at the sentencing hearing in this matter, the trial court rejected the jointly recommended sentence and imposed a five (5) year mandatory sentence on the Felonious Assault, the three (3) year firearm specification, and, as the

Appellant was on post-release control, imposed an additional three (3) years on the post-release control Appellant was currently under, all to be run consecutively to each other, for a total of eleven (11) years in prison. (Sent. T. at 15-16). The trial court found that consecutive sentences were necessary to protect the public, punish Appellant, and not disproportionate to the crime committed. (Sent. T. at 16). Additionally, the trial court indicated that such consecutive sentences were mandated by statute, based upon the nature of the firearm specification and post-release control time. *Id.* The trial court also ordered Appellant to serve five (5) years mandatory post release control on this case. Id.

{¶7} Appellant now appeals, raising the following assignments of error for review:

**ASSIGNMENTS OF ERROR**

{¶8} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY NOT ACCEPTING RINEHART'S JOINTLY RECOMMENDED SENTENCE.

{¶9} "II. THE TRIAL COURT ERRED BY ORDERING RINEHART TO SERVE FIVE YEARS MANDATORY POST-RELEASE CONTROL."

**I.**

{¶10} In his first assignment of error, Appellant argues that the trial court erred in not accepting the jointly recommended sentence. We disagree.

{¶11} Appellant contends the trial court erred when it deviated from the jointly recommended sentence. However, this Court has previously held that a trial court is not bound by a recommendation proffered by the State. *State v. Hartrum,* 5th Dist. Licking No.2014 CA 00106, 2015–Ohio–3333, citing *State v. Kitzler,* 3rd Dist. Wyandot No. 16–02–06, 2002–Ohio–5253. "A trial court does not err by imposing a sentence greater than that recommended by the State when the trial court sufficiently explains to the defendant

the potential incarceration periods and sentencing ranges which may be imposed upon conviction." *State v. Bailey,* 5th Dist. Knox No. 05–CA–13, 2005–Ohio–5329.

**{¶12}** This Court has further held that a trial court is not bound by a plea agreement unless there has been active participation by the trial court in the agreement. *State v. Hartrum*, 5th Dist. Licking No. 2014 CA 00106, 2015–Ohio–3333.

**{¶13}** Upon review, we find nothing in the record to suggest the court was an active participant in the plea agreement. Prior to accepting the plea, the trial court advised Appellant that the maximum prison sentence he could face would be eleven (11) years on the single remaining count of the indictment. (Plea T. at 15). Appellant responded he understood. The court also advised Appellant that the indictment included a firearm specification which required a mandatory prison sentence. (Plea T. at 16). Appellant responded he understood. Additionally, the court notified Appellant that because he was on parole, he could be sentenced to additional prison time on that post-release control. (Plea T. at 16-17). Again, Appellant responded he understood.

**{¶14}** Appellant pleaded to and was convicted of felonious assault, a second-degree felony. R.C. §2929.14(A)(2) provides that "[f]or a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years." Thus, Appellant's five-year sentence is within the statutorily-permissible range.

**{¶15}** The trial court, in imposing sentence, considered the following factors: Appellant has a past criminal record; Appellant has not responded favorably to sanctions in the past; Appellant was on post-release control at the time he committed this crime; and, the victim suffered serious physical and psychological harm.

**{¶16}** Because the trial court did not participate actively in the plea agreement and informed Appellant he could receive a greater sentence than the sentence reflected in the plea form, we find the trial court was free to impose a sentence greater than the sentence recommended by the prosecutor. Appellant has not demonstrated error in the trial court's decision to reject the recommended sentence. *State v. McGuire*, 5th Dist. Licking No. 2019 CA 00012, 2019-Ohio-5432, ¶¶ 8-10

**{¶17}** Appellant's first assignment of error is overruled.

**II.**

**{¶18}** In his second assignment of error, Appellant argues the trial court erred in ordering him to serve five years mandatory post-release control. We agree.

**{¶19}** Initially we note that the State of Ohio concedes that the trial court improperly imposed a five year period of post-release control.

**{¶20}** Appellant herein was convicted of felonious assault, a second-degree felony. For a felony of the second degree, R.C. §2967.28(B)(2) provides for a mandatory three-year period of post-release control. However, the trial court in this case improperly imposed a mandatory five-year period of post-release control. (Sent. T. at 16).

**{¶21}** It is well established that when a judge fails to impose the required post-release control as part of a defendant's sentence, "that *part* of the sentence is void and must be set aside." (Emphasis sic.) *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26; *see also State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 7. The improper post-release control sanction "may be reviewed at any time, on direct appeal or by collateral attack." *Fischer* at ¶ 27.

**{¶22}** It is also well established that when post-release control is required but not properly imposed, the trial court must conduct a limited resentencing hearing to properly impose post-release control. *See Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at paragraph two of the syllabus. ("The new sentencing hearing to which an offender is entitled under *State v. Bezak* is limited to proper imposition of post-release control."). *State v. Hibbler,* 2d Dist. Clark No. 2019-CA-19, 2019-Ohio-3689, ¶ 12, 19.

**{¶23}** We therefore find that the trial court erred in imposing a mandatory five year period of post-release control in this case.

**{¶24}** Appellant's second assignment of error is sustained.

**{¶25}** The trial court's judgment is reversed with respect to the imposition of post-release control, and the matter is remanded for resentencing to the appropriate three years of post-release control. In all other respects, the judgment of the trial court is affirmed.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

JWW/d 0428