[Cite as *State v. Barnard*, 2020-Ohio-4858.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. William B. Hoffman, P. J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2019-0088 |
| JAMES BARNARD, JR. | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Criminal appeal from the Muskingum County Court of Common Pleas, Case Nos. CR2018-0512 & CR2018-0578

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      October 8, 2020

APPEARANCES:

For Plaintiff-Appellee

TAYLOR BENNINGTON
27 North Fifth Street
P.O. Box 189
Zanesville, OH 43702-0189

For Defendant-Appellant

JAMES BARNARD JR.
A#749-489
Southeastern Correctional Institution
5900 BIS Road S.W.
Lancaster, OH 43130

*Gwin, P.J.*

{¶1}    Appellant James Barnard Jr. appeals the November 27, 2019 judgment entry of the Muskingum County Court of Common Pleas denying his motion to use community service hours performed in prison in lieu of costs and/or fines.

*Facts & Procedural History*

{¶2}    On August 16, 2018, appellant was indicted on the following counts: aggravated trafficking in drugs (methamphetamine), a violation of R.C. 2925.03(A)(2); aggravated possession of drugs (methamphetamine), a violation of R.C. 2925.11(A); tampering with evidence, a violation of R.C. 2921.12(A)(1); and possession of drug paraphernalia, a violation of R.C. 2925.14(C)(1).  On September 12, 2018, in a separate case, appellant was indicted on the following counts:  improper handling of a firearm in a motor vehicle, a violation of R.C. 2923.16(B); carrying a concealed weapon, a violation of R.C. 2923.12(A)(2); having a weapon while under disability, a violation of R.C. 2923.13(A)(3); possession of drugs (methamphetamine, firearm specification), a violation of R.C. 2925.11(A) and R.C. 2941.141; possession of drugs (methamphetamine, firearm specification), a violation of R.C. 2925.11(A) and R.C. 2941.141; and tampering with evidence (firearm specification), a violation of R.C. 2921.12(A)(1) and R.C. 2941.141.

{¶3}    Appellant pled guilty to all of the counts in both cases on October 31, 2018. In consideration of appellant's guilty pleas, the parties agreed to a joint recommendation that appellant be sentenced to an aggregate term of six (6) years in prison with regards to both cases.  Appellant also agreed to the forfeiture of the firearm seized.

{¶4}    At a sentencing hearing held on November 28, 2018, the trial court sentenced appellant to an aggregate sentence of six (6) years in prison.  The trial court

issued sentencing entries in each case on November 30, 2018, assessing court costs and $15,000 in mandatory fines to appellant.

{¶5} Appellant filed a motion to vacate and set aside costs and fines in each case on February 28, 2019. The trial court denied the motions on March 5, 2019. Appellant filed a motion to credit prison community work service toward court costs and fines in each case on November 18, 2019. The trial court denied the motions on November 27, 2019.

{¶6} Appellant appeals the November 27, 2019 judgment entry of the Muskingum County Court of Common Pleas and assigns the following as error:

{¶7} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO CREDIT PRISON COMMUNITY WORK SERVICE TOWARD COURT COSTS AND FINES."

I.

{¶8} Appellant argues the trial court abused its discretion in denying his motion. Appellant contends he is indigent, does not have the means or resources to pay the court costs or mandatory fines, and that he tried to get his court costs waived or suspended, but the trial court denied his request. Finally, appellant argues he most likely will not pay court costs and fines because he is unable to; thus, the trial court should allow him to utilize community service he has completed in prison in lieu of costs and fines.

{¶9} R.C. 2947.23, which governs judgment for costs, provides, "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs." R.C. 2947.23(A)(1)(a). However, subsection (C) permits the trial court to

retain jurisdiction to "waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter." Therefore, a trial court has discretion to waive the payment of court costs whether a defendant is indigent or not. The trial court's decision regarding whether to waive, suspend, or modify payment of court costs is, therefore, "reviewed under an abuse of discretion standard." *State v. Eblin*, 5th Dist. Muskingum No. CT2019-0036, 2020-Ohio-1216. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶10} Appellant cites R.C. 2947.23(A)(1)(a)(i) in support of his argument. R.C. 2947.23(A)(1)(a)(i) provides, "if the defendant fails to pay that judgment or fails to make timely payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule."

{¶11} The trial court has discretion as to whether to order a defendant to perform community service in lieu of costs and/or fines, as evidenced by the use of the word "may" in the statute. As noted by the Eleventh District in affirming a denial of a defendant's motion to use community service hours performed in prison in lieu of cost and/or fines, "quite simply, the discretion to modify or waive court costs includes the discretion not to modify or waive them." *State v. Burmeister,* 11th Dist. Portage No. 2019-P-0053, 2019-Ohio-4927, citing *State v. Brown*, 8th Dist. Cuyahoga No. 103427, 2016-Ohio-1546.

{¶12} We find no abuse of discretion in the trial court's denial of appellant's motion. Appellant has not presented any facts or circumstances, other than his indigency and the fact that he is not collectible now and likely not in the future, to support his motion. The present or future ability to pay court costs is not a necessary consideration when determining whether to waive costs. The Ohio Supreme Court has recently held that "a trial court is not required to consider the defendant's ability to pay in assessing a motion to waive, suspend, or modify court costs under R.C. 2947.23(C), though it is permitted to do so." *State v. Taylor*, -- Ohio St.3d ----, 2020-Ohio-3514, ----N.E.3d ----.

{¶13} Based on the foregoing, appellant's assignment of error is overruled. The November 27, 2019 judgment entry of the Muskingum County Court of Common Pleas is affirmed.

By Gwin, J.,

Hoffman, P.J., and

Delaney, J., concur