[Cite as *State v. Rhinehart*, 2021-Ohio-708.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Craig R. Baldwin, P. J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Earle W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2020 CA 00043 |
| DEVIN RHINEHART | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:     Criminal appeal from the Licking County
                             Court of Common Pleas, Case No.
                             18CR884

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      March 11, 2021

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

WILLIAM C. HAYES                       JAMES A. ANZELMO
Licking County Prosecutor              446 Howland Dr.
BY: PAULA M. SAWYERS                    Gahanna, OH 43230
Assistant Prosecutor
20 S. Second Street, 4th Floor
Newark, OH 43055

*Gwin, J.*

{¶1}    Defendant-appellant Devin Rhinehart ["Rhinehart"] appeals his sentence after remand in the Licking County Court of Common Pleas.

*Facts and Procedural History*

{¶2}    On August 20, 2019, Rinehart, pleaded guilty to one count of felonious assault, a second-degree felony, in violation of R.C. 2903.11, with a firearm specification. (Plea T. at 18). The charges arose from Rhinehart firing a gun while he was driving. (Plea T. at 13). The gunshot struck Jewell Scott. (Plea T. at 10). *See, State v, Rhinehart,* 5th Dist. Licking No. 19 CA 0096, 2020-Ohio-2796. ["*Rhinehart I*"].

{¶3}    On August 29, 2019, at the sentencing hearing in this matter, the trial court rejected the jointly recommended sentence and imposed a five-year mandatory sentence on the felonious assault, the three-year firearm specification, and, as Rhinehart was on post-release control, imposed an additional three years on the post-release control Rhinehart was currently under, all to be run consecutively to each other, for a total of eleven years in prison. (Sent. T. at 15-16). *Rhinehart I*, ¶6. The trial court also ordered Rhinehart to serve five years mandatory post-release control on this case. Id.

{¶4}    On appeal, this Court reversed the imposition of the mandatory five-year period of post-release control, finding that R.C. 2967.28(B)(2) provides for a mandatory three-year period of post-release control. We remanded the case for re-sentencing. *Rhinehart I*, ¶25.

{¶5}    In accordance with this Court's decision, the trial court re-sentenced Rhinehart to three years post-release control instead of the originally imposed five years

of post-release control. Judgment Entry, filed May 19, 2020. [Docket Entry No. 104]. The trial court also ordered Rhinehart to pay court costs of the re-sentencing. Id.

*Assignment of Error*

{¶6}    Rhinehart raises one Assignment of Error,

{¶7}    "I. DEVIN RHINEHART RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.'

*Law and Analysis*

**Standard of Appellate Review.**

{¶8}    To prevail on a Sixth Amendment claim alleging ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that his counsel's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 694 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show deficiency, a defendant must show that "counsel's representation fell below an objective standard of reasonableness." Id., at 688, 104 S.Ct. 2052.  And to establish prejudice, a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id., at 694, 104 S.Ct. 2052.  *Andtus v. Texas*, 590 U.S. __, 140 S.Ct. 1875, 1881 (June 15, 2020).

**Issue for Appellate Review:** *Whether there is a reasonable probability that, but for counsel's failure to request a waiver of court costs the result of the proceeding would have been different.*

{¶9}    A trial court has discretion to waive the payment of court costs whether a defendant is indigent or not.  The trial court's decision regarding whether to waive costs

is, therefore, "reviewed under an abuse-of-discretion standard." *State v. Eblin*, 5th Dist. Muskingum No. CT2019-0036, 2020-Ohio-1216, ¶ 13 *citing State v. Braden*, 158 Ohio St.3d 462, 2019-Ohio-4204, 145 N.E.3d 235.

{¶10} The Ohio Supreme Court has held that R.C. 2947.23 requires a trial court to assess costs against all criminal defendants, even if the defendant is indigent. *State v. White,* 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8, *superseded by statute as explained in State v. Braden,* 158 Ohio St.3d 462, 2019-Ohio-4204, 145 N.E.3d 235.

{¶11} In addition, we note the General Assembly amended R.C. 2947.23 by adding the following provision, "[t]he court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter." In *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, the Ohio Supreme Court noted that in light of this new provision, a case does not need to be remanded to the trial court in order for the defendant to obtain an order waiving, suspending, or modifying costs. Id. at ¶ 264 –265. *See also*, *State v. Braden,* 158 Ohio St.3d 462, 2019-Ohio-4204, 145 N.E.3d 235.

{¶12} We find Rhinehart is unable to demonstrate that he has been prejudiced by trial counsel's failure to move the trial court to waive court costs. Rhinehart has not presented any facts or circumstances, other than his indigency and the fact that he is not collectible now and likely not in the future, to support his motion. The present or future ability to pay court costs is not a necessary consideration when determining whether to waive costs. The Ohio Supreme Court has recently held that "a trial court is not required to consider the defendant's ability to pay in assessing a motion to waive, suspend, or

modify court costs under R.C. 2947.23(C), though it is permitted to do so." *State v. Taylor*, —— Ohio St.3d ——, 2020-Ohio-3514, —— N.E.3d ——. *See also, State v. Barnard*, 5th Dist. Muskingum No. CT2019-0088, 2020-Ohio-4858, ¶ 12.

{¶13} Having reviewed the record that Rhinehart cites in support of his claim that he was denied effective assistance of counsel, we find Rhinehart was not prejudiced by defense counsel's representation of him. The result of the trial was not unreliable nor were the proceedings fundamentally unfair because of the performance of defense counsel. The record supports that the trial court would have overruled a motion to waive court costs had defense counsel so moved the court.

{¶14} Rhinehart's sole Assignment of Error is overruled.

{¶15} The judgment of the Licking County Court of Common Pleas is affirmed.

By Gwin, J.,

Baldwin, P.J., and

Wise, Earle, J., concur