[Cite as *State v. Freeman*, 2022-Ohio-674.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 21CA1141 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| KEITH FREEMAN, | : | |
| Defendant-Appellant. | : | **RELEASED 3/2/2022** |

_____

<u>APPEARANCES</u>:

Brian T. Goldberg, Cincinnati, Ohio, for appellant.

David Kelley, Adams County Prosecutor, and Anthony Hurst, Assistant Adams County Prosecutor, West Union, Ohio, for appellee.

_____

Hess, J.

{¶1}     Keith Freeman appeals the denial of his motion seeking to credit his unpaid balance of court costs with community service hours. He contends that the trial court was required to hold a hearing on the question of whether he should be permitted to perform community service instead of continuing to make payments towards the judgment. We reject his argument and overrule his assignment of error. The trial court is not required to hold a hearing on Freeman's motion. A trial court is not required to hold a hearing on the question of community service unless it has reason to believe the defendant has failed to pay or to timely make payments. There is nothing in the record to support Freeman's argument. There is no evidence that Freeman has failed to make payments in accordance with the sentencing order. We affirm the trial court's judgment.

## I.    PROCEDURAL HISTORY

**{¶2}**    In 2018, Freeman pleaded guilty to felonious assault and domestic violence. The trial court sentenced him to a six-year prison term and ordered him to pay all costs of the prosecution of the action. The Ohio Department of Rehabilitation and Corrections was ordered to withhold funds from Freeman's account to pay the costs. Freeman was advised that his failure to make payments could result in the court ordering him to perform community service until the judgment is paid. In July 2021, Freeman filed a motion with the trial court to allow him to perform community service in lieu of paying court costs. The trial court denied his motion without a hearing. Freeman appealed.

## II.  ASSIGNMENT OF ERROR

**{¶3}**    Freeman assigns the following error for our review:

1.     The trial court erred to the prejudice of Mr. Freeman by not holding a hearing to determine whether to order him to perform community service in lieu of paying court costs.

## III. STANDARD OF REVIEW

**{¶4}**    Because R.C. 2947.23 gives the trial court broad discretion to waive, suspend, or modify payment of court costs and to impose community service, we generally review such motions under an abuse-of-discretion standard. *State v. Spencer*, 4th Dist. Scioto No. 15CA3681, 2015-Ohio-1445, ¶ 8. An abuse of discretion suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158, 404 N.E.2d 144 (1980). However, because Freeman's assignment of error requires statutory interpretation, which is a question of law, our review is de novo. *State v. Consilio,* 114 Ohio St.3d 295, 2007-Ohio-4163, 871 N.E.2d 1167, ¶ 8.

## IV. COURT COSTS AND COMMUNITY SERVICE

{¶5}     R.C. 2947.23 governs the imposition of court costs and community service for the failure to pay them. Under R.C. 2947.23(A), a judge must include in the sentence the costs of prosecution and render a judgment against the defendant for such costs. The judge must notify the defendant that if the defendant fails to pay the judgment or make timely payments under a payment schedule approved by the court, then the court may order the defendant to perform community service until the judgment is paid or the payment plan is brought into compliance to the court's satisfaction.   Under R.C. 2947.23(B), which is the crux of this appeal, if the judge has reason to believe the defendant has failed to pay or timely make payments towards that judgment, the judge "shall hold a hearing to determine whether to order the offender to perform community service for that failure":

> (B) If a judge or magistrate has reason to believe that a defendant has failed to pay the judgment described in division (A) of this section or has failed to timely make payments towards that judgment under a payment schedule approved by the judge or magistrate, the judge or magistrate shall hold a hearing to determine whether to order the offender to perform community service for that failure. The judge or magistrate shall notify both the defendant and the prosecuting attorney of the place, time, and date of the hearing and shall give each an opportunity to present evidence. If, after the hearing, the judge or magistrate determines that the defendant has failed to pay the judgment or to timely make payments under the payment schedule and that imposition of community service for the failure is appropriate, the judge or magistrate may order the offender to perform community service until the judgment is paid or until the judge or magistrate is satisfied that the offender is in compliance with the approved payment schedule.  * * *.

{¶6}     The Supreme Court of Ohio has reviewed the statutory language in R.C. 2947.23(A), the subsection immediately preceding the one at issue in this case, and held that the word "shall" imposes a mandatory duty upon the trial court to inform the offender

at sentencing that a failure to pay court costs could result in the imposition of community service:

> When interpreting a statute, a court must first look to its language and apply it as written if the meaning is unambiguous. *State v. Lowe,* 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 9. " '[T]he word "shall" shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that [it] receive a construction other than [its] ordinary usage.' " *Ohio Civ. Rights Comm. v. Countrywide Home Loans, Inc.,* 99 Ohio St.3d 522, 2003-Ohio-4358, 794 N.E.2d 56, ¶ 4, quoting *Dorrian v. Scioto Conservancy Dist.,* 27 Ohio St.2d 102, 271 N.E.2d 834 (1971), paragraph one of the syllabus.
>
> In R.C. 2947.23(A)(1), the General Assembly's use of the language "at the time the judge * * * imposes sentence, the judge * * * shall notify" clearly registers an intent that this notice is mandatory and that a court is to provide this notice at sentencing. (Brackets sic.)

*State v. Smith*, 131 Ohio St.3d 297, 2012-Ohio-781, 964 N.E.2d 423, ¶ 9-10. Similarly, we find the use of the word "shall" in R.C. 2947.23(B) should be construed as mandatory. Under this subsection, a judge has a duty to hold a hearing to determine whether to impose community service, *but only if* the judge has reason to believe that the defendant has failed to pay the judgment or has failed to timely make payments in accordance with the approved schedule.

{¶7}    Here there is nothing in the record that gives reason to believe that Freeman has failed to make payments towards the judgment. Instead, Freeman would prefer to substitute community service as a credit towards the remaining balance on the judgment rather than continue to pay through deductions from his prison account. In his motion to the trial court, Freeman asked to have his unpaid balance credited with community service hours. But, he provided no evidence that he has failed to make payments in accordance with the judgment and has provided the trial court with no reason to believe he has failed to do so. To the contrary, in his motion Freeman

contends that the financial records will show that he "has been diligent in applying his monthly stipend towards financial sanctions in this instant matter." Because there is no evidence that Freeman has failed to make payments in accordance with the trial court's order, the trial court was not required to hold a hearing under R.C. 2947.23(B). *State v. Johnson,* 8th Dist. Cuyahoga No. 106138, 2018-Ohio-496, ¶ 9 (a trial court lacks authority to impose community service in the final entry of conviction because R.C. 2947.23 requires the court to have reason to believe that the defendant failed to pay court costs and hold a hearing before imposing community service); *see also State v. Burmeister*, 11th Dist. No. 2019-P-0053, 2019-Ohio-4927 (indigent offender could file a motion to allow community service hours to be applied toward her costs or a motion for an extension of time under R.C. 2947.23(C), however there is no statutory authority that would allow a court to apply community service already performed as a credit toward imposed court costs and fines); *State v. Barnard,* 5th Dist. Muskingum No. CT2019-0088, 2020-Ohio-4858, ¶ 11 ("As noted by the Eleventh District in affirming a denial of a defendant's motion to use community service hours performed in prison in lieu of cost and/or fines, 'quite simply, the discretion to modify or waive court costs includes the discretion not to modify or waive them.'" quoting *State v. Burmeister*, 11th Dist. Portage No. 2019-P-0053, 2019-Ohio-4927).

## V. CONCLUSION

{¶8}    Freeman was not entitled to a hearing to determine whether he should be ordered to perform community service. The trial court had no reason to believe that Freeman had failed to make payments in accordance with the court order.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
     Michael D. Hess, Judge



### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**