[Cite as *State v. Cobb*, 2024-Ohio-2608.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. 2023 CA 0051 |
| BRYANT KEITH COBB | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:     Appeal from the Richland County Court of
                              Common Pleas, Case No. 2022 CR 0497
                              R


JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       July 8, 2024


APPEARANCES:


For Plaintiff-Appellee              For Defendant-Appellant

JODIE SCHUMACHER                    DARIN AVERY
Prosecuting Attorney                105 Sturges Avenue
Richland County, Ohio               Mansfield, Ohio 44903

MEGAN HOBART
Assistant Prosecuting Attorney
38 South Park Street, Second Floor
Mansfield, Ohio 44902

*Hoffman, J.*

{¶1}   Defendant-appellant Bryant Keith Cobb appeals the judgment entered by the Richland County Common Pleas Court convicting him following his pleas of no contest to possession of a fentanyl-related compound (R.C. 2925.11(A), (C)(11)(d)) and possession of cocaine (R.C. 2925.11(A),(C)(4)(c)), and sentencing him to an aggregate term of incarceration of six to nine years.  Plaintiff-appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

{¶2}   On June 6, 2022, Electronic Monitoring Officers Andrew Armstrong and Daniel George visited Appellant's home.  Appellant was on electronic detention supervision with Officer Armstrong.  Appellant previously signed a document containing the conditions of his electronic supervision conditions, which included Appellant's consent to a search of his person, motor vehicle, or place of residence, without a warrant and at any time, by a supervising officer.  Officers Armstrong and George went to Appellant's home to search for weapons Officer Armstrong had instructed Appellant to dispose of.  In addition to finding the weapons in Appellant's home, the officers found suspected controlled substances.

{¶3}   Appellant was indicted by the Richland County Grand Jury with possession of a fentanyl-related compound as a second-degree felony, possession of cocaine, tampering with evidence, possession of a fentanyl-related compound as a fourth-degree felony, and possession of tramadol.  Appellant filed a motion to suppress evidence taken from his house.  The trial court overruled the motion, finding Appellant consented to the search of his home and person when he signed the conditions of electronic detention supervision.

**{¶4}** Appellant pled no contest to the charge of possession of a fentanyl-related compound as a second-degree felony and possession of cocaine. The remaining charges were dismissed. Appellant was convicted upon his pleas of no contest and sentenced to an aggregate term of incarceration of six to nine years. It is from the August 25, 2023 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

THE TRIAL COURT ERRED IN OVERRULING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS EVIDENCE.

**{¶5}** Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside,* 2003-Ohio-5372, ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. *See State v. Dunlap*, 1995-Ohio-243; *State v. Fanning*, 1 Ohio St.3d 19, 20 (1982). Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. *See Burnside, supra; Dunlap, supra; State v. Long*, 127 Ohio App.3d 328, (4th Dist. 1998); *State v. Medcalf,* 111 Ohio App.3d 142, (4th Dist. 1996). However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. *See Burnside, supra, citing State v. McNamara,* 124 Ohio App.3d 706, (4th Dist. 1997); *See, generally*, *United States v. Arvizu*, 534 U.S. 266 (2002); *Ornelas v. United States,* 517 U.S. 690, (1996). That is, the application of the law to the trial court's findings of fact is subject to a de novo standard of review. *Ornelas, supra.* Moreover, due weight should be given "to inferences drawn

from those facts by resident judges and local law enforcement officers." *Ornelas, supra* at 698.

**{¶6}** Appellant argues his consent to search was involuntary because his only options were to sign the conditions of electronic detention supervision or go to prison. The Ohio Supreme Court has held the fact a defendant is faced with two unattractive choices does not invalidate consent to search:

> As the *Carchedi* court stated: "In deciding to accept the terms of a commutation and parole, a prisoner is forced to choose between the prospect of continued incarceration and the prospect of an agreement which may somehow restrict his or her constitutional rights. The government, in effect, is offering to allow the prisoner to regain his or her freedom in return for a promise to abide by rules which, to a greater or lesser extent, limit the exercise of fundamental rights. In this respect the transaction is no different from other agreements in which the government conditions its grant of a substantial benefit on the relinquishment of a known constitutional right." *Id.*, 560 F.Supp. at 1016.

**{¶7}** *State v. Benton,* 82 Ohio St.3d 316, 321, (1998).

**{¶8}** We find the fact Appellant was faced with the choice to sign the consent to search as a condition of his electronic detention supervision or go to prison did not render the consent involuntary, based on the Ohio Supreme Court's decision in *Benton*, *supra*. The assignment of error is overruled.

**{¶9}**    The judgment of the Richland County Common Pleas Court is affirmed.


By: Hoffman, J.

Gwin, P.J.  and

King, J. concur