[Cite as *State v. Cobb*, 2026-Ohio-153.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case Nos. 2025CA0066 & 2025CA0086 |
| Plaintiff – Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas, Case Nos. 2022 CR 0147 R & 2022 CR 0497 R |
| BRYANT K. COBB | Judgment: Affirmed |
| Defendant – Appellant | Date of Judgment Entry: January 16, 2026 |

**BEFORE:** Andrew J. King; Craig R. Baldwin; David M. Gormley, Appellate Judges

**APPEARANCES:** MEGAN HOBART, for Plaintiff-Appellee; BRYANT K. COBB, PRO SE, for Defendant-Appellant.

*King, P.J.*

{¶ 1} Defendant-Appellant, Bryant K. Cobb, appeals the August 13, and September 10, 2025 judgment entries of the Richland County Court of Common Pleas denying his motions in two separate cases for a hearing to determine whether to order him to perform community service while incarcerated to pay costs and permitted fees. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

**CASE NO. 2022 CR 0147 R**

{¶ 2} On March 4, 2022, the Richland County Grand Jury indicted Cobb on one count of illegal conveyance of drugs of abuse onto grounds of a specified governmental

facility in violation of R.C. 2921.36 and one count of possession of cocaine in violation of R.C. 2925.11 (Case No. 2022 CR 0147 R).

{¶ 3}   On June 22, 2022, Cobb pled guilty to the illegal conveyance count; the possession count was dismissed.  By sentencing entry filed January 23, 2023, the trial court sentenced Cobb to eighteen months in prison; he was ordered to pay costs and any fees permitted.  His conviction and sentence were affirmed on appeal.  *State v. Cobb,* 2023-Ohio-4115 (5th Dist.).

{¶ 4}   On July 24, 2025, Cobb filed a motion for a hearing to determine whether to order him to perform community service while incarcerated to pay costs and fees permitted.  By judgment entry filed August 13, 2025, the trial court denied the motion.

**CASE NO. 2022 CR 0497 R**

{¶ 5}   On July 21, 2022, the Richland County Grand Jury indicted Cobb on two counts of possession of a Fentanyl-related compound in violation of R.C. 2925.11, two counts of possession of drugs (cocaine and Tramadol) in violation of R.C. 2925.11, and one count of tampering with evidence in violation of R.C. 2921.12 (Case No. 2022 CR 0497 R).

{¶ 6}   On August 21, 2023, Cobb pled no contest to one of the possession of a Fentanyl-related compound counts and the possession of cocaine count; the remaining counts were dismissed.  By judgment entry and sentencing entry filed August 25, 2023, the trial court found Cobb guilty and sentenced him to an aggregate term of six to nine years in prison, to be served consecutively to the sentence imposed in Case No. 2022 CR 0147 R; he was ordered to pay costs and any fees permitted.  His conviction and sentence were affirmed on appeal.  *State v. Cobb,* 2024-Ohio-2608 (5th Dist.).

{¶ 7}  On August 28, 2025, Cobb filed a motion for a hearing to determine whether to order him to perform community service while incarcerated to pay costs and fees permitted.  By judgment entry filed September 10, 2025, the trial court denied the motion.

{¶ 8}  Cobb filed appeals with the following identical assignment of error in each case:

I

{¶ 9}  "THE TRIAL COURT'S *SUA SPONTE* DENIAL OF DEFENDANT-APPELLANT'S MOTION FOR A HEARING TO DETERMINE WHETHER TO ORDER HIM TO PERFORM COMMUNITY SERVICE WAS CONTRARY TO LAW."

I

{¶ 10} In his sole assignment of error in each case, Cobb claims the trial court erred in denying his motions for a hearing to determine whether to order him to perform community service while incarcerated to pay costs and fees permitted.  We disagree.

{¶ 11} Cobb's arguments herein deal with statutory interpretation which is a question of law; therefore, our review is de novo.  *Intervest, L.LC. v. Harris,* 2025-Ohio-5680, ¶ 14.

{¶ 12} In all criminal cases, trial courts "shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs."  R.C. 2947.23(A)(1).  The trial court did so in these cases.

{¶ 13} In his motions, Cobb requested a hearing under R.C. 2947.23(B) for an order of community service to be performed in prison and have those hours converted into monetary value to pay his court costs and fees permitted:

(B) If a judge or magistrate has reason to believe that a defendant has failed to pay the judgment described in division (A) of this section or has failed to timely make payments towards that judgment under a payment schedule approved by the judge or magistrate, the judge or magistrate shall hold a hearing to determine whether to order the offender to perform community service for that failure. The judge or magistrate shall notify both the defendant and the prosecuting attorney of the place, time, and date of the hearing and shall give each an opportunity to present evidence.

{¶ 14} Under this section, a trial court *shall* hold a hearing *only if* it has reason to believe that 1) a defendant has failed to pay the judgment or 2) has failed to timely make payments towards that judgment under a payment schedule approved by the judge. *See State v. Freeman,* 2022-Ohio-674, ¶ 6 (4th Dist.) ("Because there is no evidence that Freeman has failed to make payments in accordance with the trial court's order, the trial court was not required to hold a hearing under R.C. 2947.23(B)").

{¶ 15} Our review of the record confirms Cobb failed to show either prong to warrant a hearing. Cobb is incarcerated and his commissary account was garnished to pay costs. *See* September 24, 2024 Filing in Case No. 2022 CR 0147 R; June 11, 2025 Filing in Case No. 2022 CR 0497 R. Anything in his account over twenty-five dollars will go toward his costs; therefore, Cobb has not shown a failure to pay the judgment. There is no evidence of a payment schedule in effect; therefore, Cobb has not shown a failure to timely make payments under an approved payment schedule. We find no basis for the

trial court to hold a hearing to determine whether to order Cobb to perform community service while in prison to pay his costs and fees permitted under R.C. 2947.23(B).

{¶ 16} Upon review, we find the trial court did not err in denying Cobb's motions for a hearing.

{¶ 17} The assignment of error in each case is denied.

{¶ 18} For the reasons stated in our accompanying Opinion, the judgments of the Richland County Court of Common Pleas are AFFIRMED.

{¶ 19} Costs in each case to Appellant.

By: King, P.J.

Baldwin, J. and

Gormley, J. concur.