[Cite as *State v. Diaz*, 2026-Ohio-1508.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

      Plaintiff-Appellee,

- vs -

JULIO C. DIAZ,

      Defendant-Appellant.

CASE NO. 2025-L-110

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2024 CR 000356

## OPINION AND JUDGMENT ENTRY

Decided: April 27, 2026
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Kristi L. Winner*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Julio C. Diaz*, pro se, PID# A813-833, Lake Erie Correctional Institution, P.O. Box 8000, Conneaut, OH 44030 (Defendant-Appellant).

MATT LYNCH, P.J.

{¶1}    Appellant, Julio C. Diaz, pro se, appeals the judgment of the Lake County Court of Common Pleas, denying his "Motion for a Hearing to Determine Whether to Order Defendant to Perform Community Service (R.C. 2973.23(B))" for failure to pay his court costs obligation.  For the following reasons, we affirm.

{¶2}    In August 2024, Diaz was convicted by a jury of Complicity to Theft, a first-degree misdemeanor, in violation of R.C. 2923.03(A)(1) and 2913.02(A)(1); Complicity to Burglary, a second-degree felony, in violation of R.C. 2923.03(A)(1) and 2911.12(A)(2); and Complicity to Breaking and Entering, a fifth-degree felony, in violation of R.C.

2923.03(A)(1) and 2911.13(B). At the sentencing hearing, the trial court merged each count for purposes of sentencing, and the State elected to proceed on the count of Complicity to Burglary. The trial court sentenced Diaz to an indefinite prison term of a minimum of five years up to a maximum of seven and one-half years. This court affirmed Diaz's convictions on direct appeal in *State v. Diaz*, 2025-Ohio-2924 (11th Dist.).

{¶3} While his first appeal was pending, on August 12, 2025, Diaz filed in the trial court a "Motion for a Hearing to Determine Whether to Order Defendant to Perform Community Service (R.C. 2947.23(B))." Diaz contended that he has not paid any of his $2,260 court costs obligation, and as such, the court "must hold a hearing to determine whether to order community service for that failure and should allow him to perform community service in lieu of paying such obligation." Diaz attached to his motion a copy of an April 8, 2025 letter from the Lake County Clerk of Courts to the Warden of the Lake Erie Correctional Institution, informing the warden of Diaz's outstanding balance of $2,260 and requesting the warden to apply any funds from Diaz's prison account or any future funds Diaz may receive toward the payment of his court costs obligation. The letter directed the warden to send any such payment in the form of a check to the clerk of courts.

{¶4} The following day, the trial court summarily denied Diaz's motion without a hearing, finding it "not well taken."

{¶5} Diaz timely appealed and raises one assignment of error for our review:

{¶6} "The trial court's denial of Defendant-Appellant's motion for a hearing to determine whether to order him to perform community service was contrary to law."

{¶7} In his sole assignment of error, Diaz contends the trial court's sua sponte denial of his motion is contrary to R.C. 2947.23(B). Specifically, Diaz argues the trial court's failure to hold a hearing is contrary to law because he informed the trial court in

Case No. 2025-L-110

his motion that he has not paid any of his court costs, thereby giving the court a belief he failed to pay.

{¶8} "'R.C. 2947.23 requires a trial court to assess costs against all criminal defendants, even if the defendant is indigent.'" *State v. Burmeister*, 2019-Ohio-4927, ¶ 11 (11th Dist.), quoting *State v. Clinton*, 2017-Ohio-9423, ¶ 239. "If a defendant moves to waive, suspend, or modify costs, the trial court, in its discretion, may waive, suspend, or modify payment of those costs." *Id.* "The court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution . . . at the time of sentencing or at any time thereafter." R.C. 2947.23(C).

{¶9} We review a trial court's denial of a criminal defendant's postjudgment motion to waive, suspend, or modify payment of court costs for an abuse of discretion. *Burmeister* at ¶ 12. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed. 2004). To the extent Diaz's argument requires statutory interpretation, which is a question of law, our review is de novo. *State v. Cobb*, 2026-Ohio-153, ¶ 11 (5th Dist.). *See also State v. Freeman*, 2022-Ohio-674, ¶ 4 (4th Dist.) (discussing standards of review).

{¶10} Diaz contends the trial court should have held a hearing on his motion pursuant to R.C. 2947.23(B), which provides:

> If a judge or magistrate has reason to believe that a defendant has failed to pay the judgment described in division (A) of this section or has failed to timely make payments towards that judgment under a payment schedule approved by the judge or magistrate, the judge or magistrate shall hold a hearing to determine whether to order the offender to perform community service for that failure. The judge or magistrate shall notify both the defendant and the prosecuting attorney of the place, time, and date of the hearing and shall give each an opportunity to present evidence. If, after the hearing, the judge or magistrate determines that the defendant has failed to

Case No. 2025-L-110

pay the judgment or to timely make payments under the payment schedule and that imposition of community service for the failure is appropriate, the judge or magistrate may order the offender to perform community service until the judgment is paid or until the judge or magistrate is satisfied that the offender is in compliance with the approved payment schedule. If the judge or magistrate orders the defendant to perform community service under this division, the defendant shall receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed shall reduce the judgment by that amount. Except for the credit and reduction provided in this division, ordering an offender to perform community service under this division does not lessen the amount of the judgment and does not preclude the state from taking any other action to execute the judgment.

{¶11} In *Cobb*, the appellant also requested a hearing under R.C. 2947.23(B) for an order of community service to be performed in prison and to convert those hours into monetary value to pay his costs and fees. *Id.* at ¶ 13. The Sixth District explained that "[u]nder this section, a trial court *shall* hold a hearing *only if* it has reason to believe that 1) a defendant has failed to pay the judgment or 2) has failed to timely make payments towards that judgment under a payment schedule approved by the judge." (Emphasis sic.) *Id.* at ¶ 14. The court determined the appellant failed to show either prong to warrant a hearing since he was incarcerated and his commissary account was garnished to pay costs. *Id.* at ¶ 15. Further, as there was no evidence of a payment schedule in effect, the appellant could not show he failed to timely make payments under an approved payment schedule. *Id.* The court concluded the trial court did not err in denying the appellant's motion because there was no basis for the court to hold a hearing to determine whether to order the appellant to perform community service while in prison to pay his costs and fees as permitted under R.C. 2947.23(B). *Id.*

{¶12} Similarly, in *Freeman*, 2022-Ohio-674 (4th Dist.), the appellant filed a motion with the trial court to allow him to perform community service in lieu of paying court costs. *Id.* at ¶ 2. The court reviewed the motion and found that nothing in the record

Case No. 2025-L-110

demonstrated the appellant had failed to make payments toward the judgment. *Id.* at ¶ 7. "Instead, [the appellant] would prefer to substitute community service as a credit towards the remaining balance on the judgment rather than continue to pay through deductions from his prison account." *Id.* The court concluded that because there was no evidence the appellant had failed to make payments in accordance with the trial court's order, the trial court was not required to hold a hearing under R.C. 2947.23(B). *Id.*

{¶13} Diaz argues his motion and the attached letter from the clerk of courts to the warden should have been enough to give the trial court a belief he will not pay his court costs, and therefore, the trial court was required to hold a hearing and should impose community service. Contrary to Diaz's assertion, the letter simply evidences that the warden will apply funds from Diaz's prison account and any future funds Diaz receives to his court costs obligation. Diaz failed to submit any evidence demonstrating (1) he did not pay the judgment or (2) failed to make a payment under a court approved payment schedule. Thus, under these circumstances, the trial court was not required to hold a hearing, and any other determination would be premature.

{¶14} In short, we cannot say the trial court abused its discretion by denying Diaz's motion without a hearing. Moreover, nothing prevents Diaz from filing in the trial court an appropriate motion for the appropriate relief in the future.

{¶15} Diaz's sole assignment of error is without merit.

{¶16} The judgment of the Lake County Court of Common Pleas is affirmed.


JOHN J. EKLUND, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2025-L-110

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignment of error is without merit. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

PRESIDING JUDGE MATT LYNCH

JUDGE JOHN J. EKLUND,
concurs

JUDGE ROBERT J. PATTON,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-L-110